## In Re Anonymous No. 69 D.B. 81

Disciplinary Board docket no. 69 D.B. 81.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania.

NEUMAN, *Member*, May 17, 1983—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY

This is a petition for reinstatement after an order of the Supreme Court of Pennsylvania on August 31, 1982 suspending petitioner for a period of four months. The suspension order followed a recommendation from the Disciplinary Board that petitioner receive a public censure. Two board members dissented, recommending a six month suspension. The hearing committee recommended public censure with a five year probation. Probation was rejected by the Disciplinary Board as inappropriate in this particular case. Both the Disciplinary Board and the hearing committee found petitioner in violation of D.R. 1-102(A)(4) and D.R. 6-101(A)(3).

The case involved the neglect of one client's legal matter, as well as the attempted cover-up by respondent of that neglect.

In February, 1977, petitioner was retained by [A] and [B], her husband, to pursue a tort claim for negligence based upon alleged medical malpractice. Although an action ultimately was filed by petitioner, a judgment of non pros was entered as a result of [Petitioner's] neglect. In addition, al-

though judgment had been entered, petitioner misrepresented the status of the case to his clients.

## II.  PRIOR DISCIPLINE

Petitioner received an informal admonition on April 21, 1975.

## III.  DISCUSSION

Petitioner raised no defense to the petition for discipline filed by the Office of Disciplinary Counsel with respect to the [A&B] case. He readily admits he neglected that case and misrepresented his actions to his clients.

Petitioner has complied with Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement regarding notification of clients.

Petitioner has assessed the difficulties he had in his practice and has concluded they were largely the result of poor time management. He is currently in counseling with a priest who has extensive background in psychology and counseling in order to understand his problems.

Petitioner has kept current in the law during the period of his suspension and has worked part time doing legal research for other lawyers.

Petitioner has been a sole practitioner throughout his career. Recognizing the problems he has had with time management, he has studied successful docket control and timekeeping methods practiced by other attorneys. If reinstated, he intends to share office space with a [  ] law firm which has in place a sophisticated statute of limitations and diary system.

Although evidence was presented by Disciplinary Counsel during petitioner's reinstatement hearing of problems with clients other than the [A&B],

those problems related primarily during the time period prior to the proceedings which resulted in petitioner's suspension.

As a result of his suspension, petitioner has become aware of the need for efficient administration in his practice, and intends to take steps to insure that the behavior which led to his suspension will not reoccur.

[Petitioner] is qualified to engage in the practice of law in such a manner as to not be detrimental to the integrity and standing of the Bar or the administration of justice, nor subversive of the public interest.

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously concurs with the recommendation of hearing committee [ ] that [Petitioner] be reinstated to the practice of law.

This recommendation is pursuant to Rule 218 of the Pennsylvania Rules of Disciplinary Enforcement upon payment of the necessary expenses incurred in the investigation and processing of the petition as set forth on the attached schedule pursuant to Rule 218(e).

## ORDER

And now, May 27, 1983, the recommendation of the Disciplinary Board dated May 17, 1983, is accepted, and the petition for reinstatement is granted.

Pursuant to Pa.R.D.E. 218(e), petitioner is directed to pay the expenses incurred by the Board in the investigation and processing of the petition for reinstatement.